■ WALTER P. DAVIS et al., Appellants-Respondents, v VICTOR RAJBAR et al., Defendants, and 564661 ONTARIO INC., Doing Business as WILBURN ARCHER TRUCKING, et al., Respondents-Appellants. [698 NYS2d 373] —Order unanimously affirmed without costs. Memorandum: Plaintiffs commenced this negligence action seeking damages for injuries sustained by plaintiff Margaret C. Davis when a tractor trailer driven by defendant Victor Rajbar crossed into her lane of traffic and struck her vehicle head on. Pursuant to an oral agreement, defendant 564661 Ontario Inc., doing business as Wilburn Archer Trucking (Archer Trucking), had leased Rajbar's tractor trailer and had hired Rajbar to haul loads throughout Canada and

the United States. After a dispute arose regarding payment arrangements, Archer Trucking ceased utilizing Rajbar as a carrier. Rajbar retained, however, all of the indicia of authority that Archer Trucking had provided to operate as a carrier authorized by the Interstate Commerce Commission (ICC). Supreme Court properly denied that part of plaintiffs' motion seeking partial summary judgment on liability against Archer Trucking. Plaintiffs sustained their initial burden of establishing that Archer Trucking was vicariously liable for the alleged negligence of Rajbar. Archer Trucking raised an issue of fact, however, whether Rajbar was operating without its consent despite the indicia of authority that it retained. Contrary to plaintiffs' contention, Archer Trucking's admitted violations of certain ICC regulations does not require that Archer Trucking be estopped from denying responsibility for Rajbar's actions (*see, Leotta v Plessinger*, 8 NY2d 449, 457, *rearg denied* 9 NY2d 688, *mot to amend remittitur granted* 9 NY2d 686).

The court also properly denied that part of plaintiffs' motion seeking partial summary judgment on liability against defendants Sheldon I. Langner, 876289 Ontario Inc., doing business as All Star Equipment (All Star), and 993039 Ontario Ltd., doing business as Rich Transport (Rich Transport). Plaintiffs sustained their initial burden of establishing that those defendants were vicariously liable for Rajbar's negligence. In support of their motion, plaintiffs asserted that, when the accident occurred, Rajbar was returning to Canada after a trip that was brokered by Langner, the sole stockholder and chief executive officer of All Star and Rich Transport. Langner, All Star and Rich Transport asserted, however, that they acted not as brokers or carriers, as plaintiffs assert, but as factors, by purchasing the invoice from Rajbar's trip and then billing the supplier. Thus, those defendants raised issues of fact that preclude summary judgment.

The court properly denied the cross motion of Archer Trucking and that part of the cross motion of Langner, All Star and Rich Transport for summary judgment dismissing the complaint, based upon the issues of fact regarding Rajbar's relationship with those defendants (*see generally, Zuckerman v City of New York*, 49 NY2d 557, 562). Likewise, the court properly denied the alternative request of Archer Trucking in its cross motion for indemnification from Langner, All Star and Rich Transport based upon the disputed facts regarding Rajbar's relationship with those defendants. Finally, based upon the disputed facts regarding Rajbar's alleged operation as a carrier with Archer Trucking's authority, the court properly

denied that part of the cross motion of Langner, All Star and Rich Transport for summary judgment seeking a determination that Archer Trucking is liable for Rajbar's alleged negligence pursuant to Vehicle and Traffic Law § 388. (Appeals from Order of Supreme Court, Niagara County, Joslin, J.— Summary Judgment.) Present—Lawton, J. P., Hayes, Hurlbutt and Scudder, JJ.